```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

ANNA CUMMINS, for herself and
on behalf of those similarly
situated

    v.                            Civil Action No. DKC 19-2953

ASCELLON CORPORATION

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion for approval of a settlement agreement. (ECF No. 59). The court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I. Background**

Plaintiff Anna Cummins filed a complaint on October 9, 2019, against Defendant Ascellon Corporation. (ECF No. 1). The complaint, as amended on February 10, 2020, alleges that Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff Cummins and similarly situated "Surveyors" overtime wages for workweeks in which they worked for more than forty hours. (ECF No. 17). Defendant filed a timely answer denying some of

Plaintiff Cummins's allegations and denying that it violated the FLSA. (ECF No. 18). Specifically, Defendant admitted that it did not pay Plaintiff Cummins and other Surveyors overtime wages for all hours worked in excess of forty hours per workweek but denied that it was required to do so under the law. (*Id.* at ¶¶ 22, 28, 35).

On March 3, 2020, Plaintiff Cummins filed a motion to certify a collective action on behalf of herself and others similarly situated. (ECF No. 21). She also filed a motion to toll the statute of limitations until notice issued to the putative collective. (ECF No. 28). This court granted both motions on November 6, 2020. (ECF Nos. 31-32). Six individuals ultimately opted into the case. (ECF Nos. 20, 33-37). One of the six individuals was later dismissed without prejudice for failure to respond to discovery. (ECF No. 57).

The parties proceeded with discovery from February 2021 until October 2022 and engaged in settlement discussions throughout that time. (ECF No. 55 at 2-3). The parties represent that the discovery was extensive—all remaining parties participated, and over 20,000 pages were exchanged. (ECF No. 59 at 2, 5). Defendant contends that it produced documentation that 1) supports its defense that Plaintiff Cummins and the Opt-In Plaintiffs fell into an exemption from the requirement to pay overtime wages and 2)

2

creates at least a factual question as to whether Plaintiff Cummins and the Opt-In Plaintiffs worked the amount of overtime claimed.

After what the parties describe as "prolonged negotiation, in which each opt-in [Plaintiff] was consulted individually and agreed individually to her amount to be received," the parties reached an agreement to settle the case for $106,000.00. This amount includes $22,500.00 for Plaintiff Cummins; $20,000.00 for Opt-In Plaintiff Teresa Cavallaro; $750.00 for Opt-In Plaintiff Kristin Allen; $2,500.00 for Opt-In Plaintiff Beverly Cooper; $2,500.00 for Opt-In Plaintiff Denise Creek; $750.00 for Opt-In Plaintiff Cheryl Mabry; and $57,000.00 for Plaintiff's counsel as attorney's fees and costs. (ECF No. 59-1 at § 1). The agreement also provides that the parties mutually release each other from all claims they have or may have "arising out of or relating to the subject matter of" the lawsuit or the plaintiffs' employment with Defendant. (*Id.* at §§ 1, 5).

**II. Standard of Review**

In recognition of the unequal bargaining power between employers and employees, the FLSA is not subject to waiver or modification by contract or settlement, with certain narrow exceptions. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). One such exception is that a district court can approve a settlement between an employer and an employee who has brought a private action under § 216(b) if the settlement reflects a

"reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *See Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407 (D.Md. 2014); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

The Fourth Circuit has not expressed an opinion on the factors to be considered in approving FLSA settlements,[1] but district courts in this circuit have generally applied the factors set out by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 408; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *8-16 (E.D.Va. Sept. 28, 2009); *Saman v. LBDP, Inc.*, No. 12-1083-DKC, 2013 WL 2949047, at *3 (D.Md. June 13, 2013). Under that framework, courts first consider whether there is a *bona fide* dispute as to a defendant's liability under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Duprey*, 30 F.Supp.3d at 408. Then, courts consider whether the settlement is a fair and reasonable compromise of that dispute, which requires a weighing of factors such as

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the

---

[1] The Fourth Circuit has also not determined, as other circuits have, that all FLSA settlements *require* court approval, see *Duprey*, 30 F.Supp.3d at 407 n.2, but because the parties have requested court approval in this case, that question can be resolved another day.

> experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel[;] and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10); *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Duprey*, 30 F.Supp.3d at 408.  Finally, if attorney's fees are included in the agreement, courts must separately assess their reasonableness.  *Duprey*, 30 F.Supp.3d at 408; *Saman*, 2013 WL 2949047, at *3.

### III. Analysis

#### A. *Bona Fide* Dispute

In this case, the parties' representations in the pleadings, subsequent court filings, and the present motion for approval of the settlement agreement establish that a *bona fide* dispute exists as to Defendant's liability under the FLSA.  *See Saman*, 2013 WL 2949047, at *3.  Defendant has maintained since filing its answer that its failure to pay overtime wages to Plaintiff Cummins and the Opt-In Plaintiffs was excused by an exception in the law, and it contends that documentation produced in discovery—specifically, documentation of the independent discretion and authority the Surveyors exercised over their work—supports its position. Plaintiff Cummins and the Opt-In Plaintiffs disagree that the exception applies.  There is also a dispute as to the number of

5

hours that Plaintiff Cummins and the Opt-In Plaintiffs worked. Although the parties have not provided much detail to support their positions at this stage, the existence of a genuine dispute is evident.  *See id.* at \*4.

### B. Fair and Reasonable Compromise

Upon review of the parties' submissions and after considering the relevant factors, the settlement agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. The parties engaged in extensive discovery and prolonged negotiations, and they seem to have a familiarity with the merits of their respective cases.  The parties have determined that the loss of the potential for success of their positions is outweighed by the benefit of forgoing the risk, expense, and opportunity cost that trial would entail.  There is also no indication of fraud or collusion.  *See Lomascolo*, 2009 WL 3094955, at \*12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

Counsel for both parties are competent and experienced, as evidenced by the parties' filings and their stated involvement in other FLSA, collective action, and similar cases brought in federal court.  Plaintiff Cummins's counsel endorses the settlement agreement as fair and reasonable.

As for the probability of the plaintiffs' success and the amount of the settlement in relation to the potential recovery,

6

Plaintiff Cummins has not shared her estimated potential recovery or that of any of the Opt-In Plaintiffs. However, because the parties have represented that the settlement was a product of extensive discovery and lengthy negotiations, that the parties have had ample opportunity to evaluate their claims and defenses against the risk and cost of further litigation, and that each Plaintiff and Opt-In Plaintiff was consulted individually and agreed to the settlement, this court is satisfied that the compromise is fair and reasonable. *See Galizia v. Ricos Enters., Inc.*, No. 21-2592-DKC, 2022 WL 374511, at *2 (D.Md. Feb. 8, 2022) (determining that a settlement agreement was fair and reasonable for the same reasons).

### C. Reasonable Attorney's Fees

Finally, the attorney's fees included in the settlement are reasonable. In assessing the reasonableness of attorney's fees, courts typically look to the lodestar calculation as a guide, which is achieved by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Saman*, 2013 WL 2949047, at *6; *Duprey*, 30 F.Supp.3d at 412. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "This court has

7

established presumptively reasonable rates in Appendix B to its Local Rules." *Galizia*, 2022 WL 374511, at *2.

Plaintiff Cummins's counsel states that Angeli Murthy, the only attorney to perform substantive work on this matter, has been a member of the bar since 2004 and spent over 150 hours on this matter. Plaintiff Cummins's counsel's paralegal staff spent 66.7 hours on the matter. The parties represent that Plaintiff Cummins's counsel has submitted quarterly statements of hours to Defendant's counsel throughout the case, as required by Appendix B.1.c. Under Appendix B, a reasonable hourly rate for attorneys who have been admitted to the bar for fifteen to nineteen years is $275-425 and for paralegals is $95-150. Multiplying the hours and rates and adding them together, a reasonable total fee award would be between $47,586.50 and $73,755.00. The attorney's fees provided for in the settlement agreement—$57,000.00—are well within the range of reasonableness.

**IV.  Conclusion**

For the foregoing reasons, the parties' joint motion to approve the settlement agreement will be granted. A separate order will follow.

                                                                /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge